```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOHN DREW and BARBARA DREW,

        Plaintiffs,

vs.                                   Case No. 2:07-cv-252-FtM-29DNF

BOATERS LANDING INC. OF FORT MYERS,
a Florida corporation, and FOUR
WINNS BOATS LLC., a Michigan limited
liability company,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Boaters Landing Inc. of Fort Myers' (BLI) Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. #22) filed on May 21, 2007. Plaintiff fled a Response in Opposition (Doc. #25) on June 5, 2007.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A.,

534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8).  See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.  Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The First Amended Complaint (Doc. #16) alleges the following basic facts: On March 10, 2003, plaintiffs entered into a Sales Contract with defendant BLI to purchase a new 2003 Four Winns vessel.  Prior to taking delivery of the vessel, plaintiffs inspected it and noted a few defects that needed to be addressed.

Plaintiffs took delivery of the vessel on March 28, 2003, and paid BLI $151,573.  On seven different occasions between April 2003 to July 2004, plaintiffs notified BLI of various defects on the vessel.  (Doc. #16, ¶¶ 9,11-16.)  Plaintiffs notified BLI of more defects on December 13, 2006, some of which had been brought to BLI's attention in the past.  BLI's repairs have been "incompetent or ineffectual," and it has refused to satisfactorily remedy the problems.  (Id. ¶¶ 17, 21, 23.)  Additional facts are set forth below as needed.

### III.

BLI's motion seeks to dismiss Counts I, II and III of the Amended Complaint.[1]  Specifically, BLI argues that there are no obligations in the Sales Contract that support Counts I and II, which assert claims for breach of contract and breach of express warranty respectively.  (Doc. #22, ¶4.)  BLI also asserts that Count III, seeking revocation of acceptance, should be dismissed either because FLA. STAT. § 672.608 does not apply to the instant case, or because plaintiffs have not alleged "a standard of conformity in this case and have failed to allege that such standard has not been met."  (Doc. #22, ¶6.)

---

[1]The Court notes that BLI's motion also seeks the dismissal of Count VII to the extent it applies to them.  Plaintiffs' response indicates that Count VII only applies to defendant Four Winns Boats LLC (Doc. #25, ¶3), and therefore the motion is moot as to Count VII.

**A.**

The breach of contract claim in Count I of the Amended Complaint alleges that BLI "breached the terms and conditions of the Sales Contract by failing to provide Plaintiff's with a fully-functioning vessel free of defects and by failing to honor the express limited warranty." (Doc. #16, ¶ 26.) The breach of express warranty claim in Count II of the Amended Complaint alleges that the Sales Contract includes an express limited warranty whereby Four Winns warrants that it will, through its authorized agent BLI, repair or replace defects in materials or workmanship, and that BLI has failed and refused to honor the express limited warranty. (Doc. #16, ¶¶ 32, 33.)

Because the Sales Contract involves the sale of a good, Article 2 of the Florida Uniform Commercial Code applies. See FLA. STAT. § 672.102. Florida law authorizes sellers to exclude warranties, both express and implied, in the sale of goods. See FLA. STAT. § 672.316. To properly disclaim an implied warranty of merchantability, "the language must mention merchantability and in case of a writing must be conspicuous; and, to exclude or modify any implied warranty of fitness, the exclusion must be by a writing and conspicuous." FLA. STAT. § 672.316(2). "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NONNEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is conspicuous if it is in larger or

other contrasting type or color. . . . Whether a term or clause is conspicuous or not is for decision by the court." FLA. STAT. § 671.201(10).

Paragraph eight of the Sales Contract, which was incorporated into the Amended Complaint (Doc. #16, ¶4; #18, pp. 1-2), is captioned "Exclusion of Warranties" and states in bold, capitalized print:

> **[BUYER] UNDERSTAND[s] THAT THE IMPLIED WARRANTIES OF MERCHANTABILITY, AND FITNESS FOR A PARTICULAR PURPOSE AND ALL OTHER WARRANTIES EXPRESS OR IMPLIED ARE EXCLUDED BY YOU FROM THIS TRANSACTION AND SHALL NOT APPLY TO THE GOODS SOLD. [BUYER] UNDERSTAND[S] THAT [DEALER] MAKE[S] NO WARRANTIES WHATSOEVER REGARDING THE BOAT OR RIG NOR FOR ANY APPLIANCES OR COMPONENTS CONTAINED THEREIN, EXCEPT AS MAY BE REQUIRED UNDER APPLICABLE STATE LAW.**

The "Exclusion of Warranties" section of the Sales Contract is conspicuous, and the Court finds that BLI effectively disclaimed any express or implied warranties in the Sales Contract.

The claim in Count I is that BLI breached the contract by "failing to provide . . . a fully-functioning vessel free of defects and by failing to honor the express limited warranty." (Doc. #16, ¶26.) Since the Sales Contract contained a valid exclusion of warranties as to BLI, and there are no other provisions of the Sales Contract which are alleged to have been violated, Count I fails to state a claim as to BLI. As the Amended Complaint recognized, the Express Limited Warranty was provided by defendant Four Winns, and not BLI. (Doc. #16, ¶6.) Therefore the Motion to Dismiss is granted as to Count I.

Count II alleges that BLI failed "to honor the express warranty." (Doc. #16, ¶34.) As stated above, the Amended Complaint correctly attributes the Express Warranty to defendant Four Winns and not BLI. Therefore BLI cannot be held liable for an express warranty made by another party. Furthermore, the contract explicitly excluded all expressed warranties by BLI. (Doc. #18, p. 2 ¶8.) Since there is no breach of the Sales Contract by BLI's failure to correct the defects as the authorized agent of Four Winns, the Motion to Dismiss is granted as to Count II.

**B.**

In Count III plaintiffs seek to revoke their acceptance of the vessel. Assuming the statute applies, under Florida law plaintiffs may revoke their acceptance if: (1) the nonconformity of the vessel substantially impairs its value, and (2) revocation occurs with a reasonable time. See FLA. STAT. § 672.608. Revocation of acceptance is not available, however, where a seller disclaims all warranties. See e.g., Frank Griffin Volkswagen v. Smith, 610 So. 2d 597, 599 (Fla. 1st DCA 1992)("Where a dealer has properly disclaimed all warranties, the delivering, presenting, or explaining of a manufacturer's warranty, without more, does not render the dealer a co-warrantor by adoption, . . . nor does it create a contractual obligation which can serve as a basis for a buyer's later revocation of acceptance."); Gulfwind South, Inc. v. Jones, 775 So. 2d 311, 313 (Fla. 2d DCA 2000)(finding that in order to have a valid revocation of acceptance, there must be a

contractual or warranty provision setting a standard of conformity.)  Therefore revocation of acceptance is not available to plaintiffs in this case, and the Motion to Dismiss is granted as to Count III.

Accordingly, it is now

**ORDERED:**

1.  Defendant Boaters Landing Inc. of Fort Myers' Motion to Dismiss (Doc. #22) is **GRANTED** as to Counts I, II, and III.

2.  Defendant Boaters Landing Inc. of Fort Myers' Motion for More Definite Statement (Doc. #22) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of September, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record